# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| LORAINE FRANKLIN, JR.,<br><br>*Plaintiff,*<br><br>v.<br><br>FLOWSERVE FSD CORPORATION,<br><br>*Defendant.* | CIVIL NO. 6:14cv00040<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Plaintiff Loraine Franklin, Jr. ("Plaintiff," or "Franklin") filed this action on October 10, 2014, alleging, *inter alia*, race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). This matter is now before me on a Motion to Dismiss filed by Defendant Flowserve FSD Corporation ("Defendant," or "Flowserve"), in which it seeks to dismiss Plaintiff's Title VII race discrimination claim on the grounds that it is time barred.[1] For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

## I. INTRODUCTION

### A. Statement of Alleged Facts

Loraine Franklin is an African-American male who formerly worked as a material handler with Flowserve. As a Flowserve employee, Franklin was involved in a workplace altercation in which he was assaulted by another employee. Specifically, on September 16,

---

[1] In its Motion to Dismiss, Defendant repeatedly states that it seeks dismissal of Plaintiff's Title VII "discrimination claim based on the termination of [Franklin's] employment." Def.'s Mot. to Dismiss at 1. However, no such claim is currently before the Court. *See* Pl.'s Compl. ¶¶ 38-42. Rather, Franklin's race discrimination claim is based on Flowserve's "failure and refusal to hire Franklin for the jobs that he applied to . . . ." *Id.* at ¶ 42. Accordingly, I will treat Defendant's Motion as seeking dismissal of Plaintiff's race discrimination claim based on Flowserve's refusal to hire. *See* Fed. R. Civ. P. 8(e) (noting pleadings must be construed "so as to do justice").

1

2011, a male coworker "struck Franklin in his hip area" while he was using the bathroom. Franklin could not identify who attacked him at the time, and so he sought out other employees who witnessed the altercation for further information. One of those employees identified co-worker Tony Evans as Franklin's assailant. Upon learning this information, Franklin confronted and physically attacked Evans on Flowserve property.

Flowserve followed up with an investigation of the event. As a component of the investigation, Flowserve conducted an interview with Franklin in which he admitted to attacking Evans. Because Franklin's conduct conflicted with Flowserve's policy against violence in the workplace, Flowserve terminated Franklin in late September of 2011. While Flowserve terminated Franklin's employment, it declined to do so under similar circumstances involving a white employee. On April 24, 2013, a white male engaged in a physical altercation with another coworker. Though this employee also violated Flowserve's policy against violence in the workplace, he was not terminated. Since his termination, Franklin has submitted several job applications to Flowserve, all of which have been rejected.

**B. Procedural Background**

In November of 2011, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination in his termination. On July 24, 2012, the EEOC issued a Dismissal and Notice of Rights ("Notice") concerning the charge, giving Franklin 90 days to pursue his claim. Despite receiving the Notice, Franklin failed to pursue his Title VII claim within the prescribed time period. Thereafter, on November 12, 2013, Franklin filed a second charge of discrimination with the EEOC. In his second charge, Franklin claims Flowserve refused to rehire him on the basis of his race in violation of Title VII. On July 10, 2014, the EEOC issued Franklin a Notice of Right to Sue with respect to his second

charge.  Franklin subsequently filed this complaint on October 10, 2014.

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).[2]  A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555.  Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.*  Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Discussion

In order to assert a timely violation of Title VII, plaintiffs in Virginia must first file a charge with the EEOC within 300 days after the alleged unlawful practice occurred.  *See* 42 U.S.C. § 2000e-5(e)(1); *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 619 (E.D. Va.

---

[2] A motion under Rule 12(b)(6) is not intended to address the merits of any affirmative defenses. However, "[i]n the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (citations omitted).

3

2011).  If the EEOC decides not to pursue the charge itself, the EEOC delivers the plaintiff a "right-to-sue letter," which must be acted upon within 90 days of the letter's receipt.  *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within [90] days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .").  Thus, to avoid dismissal, Franklin's complaint must show the following: (1) that he filed his charge of discrimination within 300 days of an alleged unlawful employment practice, and (2) that he filed his complaint within 90 days of receiving his right-to-sue letter.

With respect to the first requirement, the United States Supreme Court's decision in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002) is instructive.  In *Morgan*, the Court held that an "unlawful employment practice" occurs on the day in which an employer engages in a "discrete act" of discrimination.  *Id.* at 111.  Discrete acts include "acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . ."  *Id.* at 114.  With respect to an employer's refusal to *rehire* an employee, the United States Court of Appeals for the Fourth Circuit recognizes that such conduct constitutes a discrete act where "new elements of unfairness, not existing at the time of the original violation, attached to denial of reemployment."  *See E.E.O.C v. City of Norfolk Police Dep't.*, 45 F.3d 80, 84 (4th Cir. 1995) (citing *India v. United Air Lines, Inc.*, 565 F.2d 554, 561-62 (9th Cir. 1977)); *see also Lawson v. Burlington Indus. Inc.*, 683 F.2d 862, 863-64 (4th Cir. 1982) ("[A] layoff from employment constitutes a completed act at the time it occurred, and . . . an employer's failure to recall or rehire . . . constitutes a separate and completed act by the defendant.").

Here, Flowserve terminated Franklin based on its policy against violence in the workplace.  Subsequent to his termination, Franklin alleges a white Flowserve employee

engaged in the same conduct that produced his termination.  Despite engaging in similar conduct, Flowserve refused to terminate the white employee.  Franklin then submitted job applications for several positions with Flowserve, all of which were rejected.  Under such circumstances, "new elements of unfairness" surround Defendant's refusal to rehire, and I will therefore treat its refusal to rehire Franklin as a "discrete act" of discrimination.  *Id.* at 84; *see also India*, 565 F.2d at 557-58 (recognizing a failure to rehire qualifies as a discrete act of discrimination where, subsequent to the relevant employee's termination, there is a discriminatory application of the "policy that produced the initial firing").  Thus, Franklin had to file his charge within 300 days of the date on which Flowserve rejected his application.  *Edwards*, 760 F. Supp. 2d at 619.  As Flowserve rejected Franklin's application on October 17, 2013,[3] and Franklin filed his charge just one month later, Franklin has clearly satisfied the first requirement.

Next, it must be shown that Franklin filed his complaint within 90 days of receiving his right-to-sue letter.  Here, the EEOC issued the letter on July 10, 2014, and Franklin is presumed to have received it on July 14, 2014.  *See Blackwell v. General Dynamics Land Sys., Inc.*, No. 1:10-cv-110, 2010 WL 2639829, at *4 (E.D. Va. June 28, 2010) (recognizing Federal Rule of Civil Procedure 6(d) creates a presumption that notice is received three days after mailing, excluding Sunday).  Franklin then filed his complaint on October 10, 2014, three days before the expiration of the 90-day window.  Accordingly, because the second requirement is also satisfied, Franklin filed within the prescribed limitations period and his Title VII claim is not subject to dismissal.  *See Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 776 (W.D. Va. 2007).

---

[3] Franklin does not specifically state when Flowserve rejected his job application.  However, we do know that Franklin submitted his final job application with Flowserve on October 17, 2013.  *See* Pl.'s Compl. ¶ 34.  The earliest date Flowserve could have rejected Franklin's October 17 application would be the same day.  Accordingly, as I must construe the facts in the light most favorable to the Plaintiff, *see Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991), I will treat October 17, 2013 as the date Flowserve rejected Franklin's application.

5

Defendant argues Franklin's entire Title VII action must be dismissed because he failed to timely pursue his first charge of discrimination based on his termination. *See* Def.'s Mot. to Dismiss at 3 ("Plaintiff's Title VII discrimination claim based on the termination of his employment was not filed within ninety days of Plaintiff's receipt of the [EEOC "right-to-sue" letter] and, consequently, is time-barred . . . ."). Franklin's first charge, however, alleged only discriminatory termination. By contrast, Franklin's second charge alleged discrimination in his termination *and* Flowserve's refusal to hire. In such situations, "where the charge relates to two or more acts, the statute of limitations issue must be evaluated separately as to each action." *Talbot v. Mobil Corp.*, 46 F. Supp. 2d 468, 472 (E.D. Va. 1999). Accordingly, as Franklin's Title VII claim based on Flowserve's refusal to hire is timely, Defendant's "contention that the entire action is barred is off the mark." *Talbot*, 46 F. Supp. 2d at 470.

## IV. CONCLUSION

Because Franklin has acted timely with respect to Flowserve's refusal to hire, Defendant's Motion to Dismiss (docket no. 6) is **DENIED**. An appropriate order follows.

Entered this _____11th_____ day of December, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

6